*United States District Court*
*Southern District of Texas*
*FILED*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

APR 14 2004

*Michael N. Milby, Clerk*

| | | |
|---|---|---|
| JULIOUS J. EBROM | § | |
| | § | **M-04-121** |
| | § | |
| VS. | § | Civil Action No._____ |
| | § | |
| | § | |
| BURNS MOTORS | § | |

## NOTICE OF REMOVAL

Defendant Burns Motors files this Notice of Removal to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. § 1441, based on the following facts, which show that this case is properly removable:

1.     On January 16, 2004, Plaintiff commenced an action in the 398th Judicial District Court of Hidalgo County, Texas, Cause No. 099-05-I, styled Julious J. Ebrom v. Burns Motors. Plaintiff is an ex-employee of Burns Motors.  Plaintiff asserts a negligence claim and alleges Defendant violated the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964.

2.     On March 15, 2004, Burns was served.

3.     Defendant's Notice of Removal is timely as it is filed within 30 days of actual or constructive receipt of Plaintiff's Original Petition. 28 U.S.C. § 1446(b).

4.     At the time suit was filed, and continuing to the present, this Court had, and still has, original subject mater jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Plaintiff is alleging Defendant violated federal law.

5.     Plaintiff alleges Defendant violated Title VII of the Civil Rights Act of 1964.  See paragraph VI section 15 and paragraph XI section 24 of Plaintiff's Original Petition.

6.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury.

7.    A copy of this Notice of Removal was filed with the clerk of the State Court in which the original action was filed, as required by law.

8.    Pursuant to Local Rules 3 and 81, this Notice of Removal is accompanied by a Civil Cover Sheet and copies of the following attached documents:

a.    All executed proceedings in the case (Exhibit A);
b.    Pleadings asserting causes of action (Exhibit B);
c.    All orders signed by the State Judge (Exhibit C-None);
d.    The state court docket sheet at the time of removal (Exhibit D);
e.    An index of matters being filed (Exhibit E);
f.    A list of all attorneys, including their addresses, telephone numbers, and the parties they represent (Exhibit F);

PRAYER

For these reasons, Defendant Burns Motors accordingly requests that the Court take jurisdiction of this action to its conclusion and final judgment, to the exclusion of any further proceedings in State Court, in accordance with law.

Respectfully submitted,


Anthony B. James
Federal I.D. No. 3785
State Bar No. 10537300

Lisa M. Crouch
Federal I.D. No. 15307
State Bar No. 06571040

HODGE, JAMES & GARZA, L.L.P.
Attorneys and Counselors at Law
P.O. Box 534329 (78553)
134 East Van Buren Street
Third Floor, Suite 310
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile: (956) 425-7707

Attorneys in Charge for Defendant, BURNS MOTORS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Notice of Removal has been served on the __14__ day of April, 2004 as follows:

VIA CMRRR#7003 2260 0005 0548 3926
Ms. Valerie R. Esparza
The Esparza Law Firm, P.C.
P.O. Box 369
Harlingen, Texas 78551-0369


_____
Lisa M. Crouch

EXHIBIT A
ALL EXECUTED PROCESS

ᚷᚢᛁᚾ·    ⁓ ⁓ ·

C-099-04-I

DISTRICT COURT, HIDALGO COUNTY, TEXAS 398th District Court OF TEXAS

----------------------------------------
CITATION
----------------------------------------

JULIOUS J. EBROM

vs.

BURNS MOTORS

THE STATE OF TEXAS
----------------------------------------

**COPY**

**RECEIVED**

...TCE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
... or your attorney do not file a written answer with the clerk who issued
...s citation by 10:00 a.m. on the Monday following the expiration of twenty
... days after you were served with this citation and petition, a default
...lgment may be taken against you.

MAR 2 2 2004

UNIVERSAL UNDERWRITERS
Houston Claims Dept.

To: BURNS MOTORS
    DON BURNS
    1300 EAST HIGHWAY 03
    MCALLEN, TEXAS  78501

     You are hereby commanded to appear by filing a written answer to the
...ATNTIFF JULIOUS EBROM'S ORIGINAL PETITION on or before 10:00 o'clock a.m.
... the Monday next after the expiration of twenty (20) days after the date of
...rvice hereof, before the Honorable 398th District Court of Hidalgo County,
...xas at the Courthouse, 100 North Closner, Edinburg, Texas, 78539.  Said
...tition was filed on the 16th day of January , 2004 and a copy of same
...ccompanies this citation.
     The file number and style of said suit being C-099-04-I
                    JULIOUS J. EDROM
                         vs.
                    BURNS MOTORS

     Said Petition was filed in said court by ESPARZA,VALERIE R.
. O. BOX 369, HARLINGEN, TX 78551-0369.
     The nature of the demand is fully shown by a true and correct copy of
he petition accompanying this citation and made a part hereof.
     The officer executing this writ shall promptly serve the same according
o requirements of law, and the mandates thereof, and make due return as law
irects.
     ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at
dinburg, Texas this the 20th day of January, 2004
                    OMAR GUERRERO, DISTRICT CLERK
                    P.O. DRAWER 87
                    EDINBURG, HIDALGO COUNTY, TEXAS 78540
          By: _Norma Cantu_____
                    NORMA CANTU , DEPUTY

EXHIBIT B
PLEADINGS

CAUSE NO. _C-0414-04-I_

| | |
|---|---|
| JULIOUS J. EBROM,<br>Plaintiff | IN THE DISTRICT COURT OF |
| | JAN 1 6 2004 |
| vs. | HIDALGO COUNTY, TEXAS |
| BURNS MOTORS,<br>Defendant | 398 JUDICIAL DISTRICT |

---

## PLAINTIFF JULIOUS EBROM'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JULIOUS J. EBROM, hereinafter referred to by name or as Plaintiff, complaining of **Burns Motors**, Defendant, and, for such cause of action, would respectfully show unto the Court and jury as follows:

### I.
### Discovery Level

1.  Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, discovery in this case is intended to be conducted under Level 2.

### II.
### Parties

2.  Plaintiff **Julious J. Ebrom** is an individual who resides in McAllen, Hidalgo County, Texas. At all times mentioned in this petition, Plaintiff was employed by Burns Motors as its Body Shop Manager in McAllen, Texas.

3.  Defendant, **Burns Motors**, is a corporation organized and existing under the laws of the state of Texas. Defendant may be served with process by serving its owner, Don Burns, at 1300

East Highway 83, McAllen, Texas 78501.

### III.
### Venue

4.     Venue is proper in Hidalgo County, Texas, in that the incidents made the basis of this cause of action occurred in Hidalgo County, Texas.

### IV.
### Facts

5.     The injuries and damages suffered by the Plaintiff, Julious J. Ebrom, and made the basis of this action arose out of a series of occurrences which took place between February 2002, and November 27, 2002, in Hidalgo County, Texas. During such time and place, Plaintiff Julious J. Ebrom served as an employee of Defendant, Burns Motors. Specifically, he was a Body Shop Manager for its car dealership in McAllen, Texas, under the supervision of Javier Contreras. During the entire period of his employment, Plaintiff was a loyal, honest, dedicated and hardworking employee.

6.     Prior to February 2002, Plaintiff was hired by Burns Motors as a sales consultant. He then left Burns Motors to work at Roberts Chevrolet as their Body Shop Manager in Edinburg Texas. A few months later and after being pursued by Javier Contreras, Plaintiff returned to work with Burns Motors as their Body Shop Manager in February 2002.

7.     At the time he returned to Burns Motors, Plaintiff was its oldest manager at the age of forty six (46).

8.     During his previous employment with Burns Motors, Plaintiff was injured on the job when he fell down in the body shop during July 2001. Plaintiff did not have surgery on his knee until August 2, 2002. He returned to work after a six-week absence. Plaintiff was able

fulfill the duties of Body Shop Manager upon his return to work in September 2002.

9.   Less than three months after his return to work, Plaintiff was terminated. Burns Motors stated that its reasons for terminating Plaintiff was that he needed better managerial skills and needed to get along better with people. However, Plaintiff was terminated because Burns Motors viewed Plaintiff's age and disability as a liability.

10.   Further, during his tenure, Plaintiff was treated differently than other employees, such as Leticia Cavazos, who is female and thirty (30) years old. Ms. Cavazos was never reprimanded (or terminated) for falling asleep on the job and insubordination.

11.   Plaintiff also complained to his supervisor that certain Defendant's employees were accepting kickbacks and not billing out materials properly for the period of January 2002 to July 2002. However, Mr. Contreras took no action on Plaintiff's complaints. Instead, when Plaintiff brought these complaints to the general manager, Mr. Contreras terminated him the following day.

12.   Plaintiff Julious J. Ebrom was wrongfully terminated from his position with Burns Motors on or about November 27, 2002, due to discrimination based on his disability, age (47), gender and the fact that he complained of the preceding discrimination and other wrongful acts by his supervisor.

## V.
## Administrative Procedures

13   On or about April 14, 2003, the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights ("TCHR") received Plaintiff's formal complaint of discrimination and retaliation. The TCHR issued its right-to-sue letter on November 18, 2003. All conditions precedent to the filing of this lawsuit and as required by law have been

performed or have occurred.

## VI.
### Cause of Action: Violation of the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964

14.  Plaintiff hereby incorporates by reference paragraphs IV and V.

15.  Plaintiff Julious J. Ebrom was a 46 year-old disabled male employee of Defendant Burns Motors who falls within a protected class under the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964. Defendant is an employer with at least fifteen employees, subjecting itself to coverage under the statutes.

16.  The conduct of the Defendant complained of constitute discrimination and retaliation on the basis of the disability, gender, and age of the Plaintiff. Plaintiff's termination further constituted retaliation for his opposition to wrongful practices and as a result of voicing a complaint. The Defendant's discriminatory and retaliatory conduct detailed above, created a hostile work environment extremely detrimental to Plaintiff's emotional and physical health, interfering with Plaintiff's work performance and which caused him acute emotional distress as well as physical manifestations for which he sought medical treatment. Defendant, its agents, servants, and employees improperly permitted such discriminatory and retaliatory conduct to occur. As such, the Plaintiff sues the corporate Defendant for the acts of its agents, servants, and employees, as well as the passive indifference exhibited by the management, employees and agents of the Defendant company.

## VII.
### Cause of Action: Negligence

17.  Plaintiff hereby incorporates by reference paragraphs IV through VI.

18.  Plaintiff further claims that the Defendant was negligent in breaching a duty of care owed to

him as follows:

a.     In failing to take protective measures to prevent future harassment or discrimination;

b.     In failing to take prompt remedial action;

c.     In failing to provide a safe work environment for Plaintiff;

d.     In failing to provide appropriate measures to discourage and/or prevent discrimination and retaliation in the workplace;

e.     In failing to provide adequate training regarding conduct which constitutes discrimination and retaliation; and

f.     In failing to protect employees from similar situations.

19.     These abovementioned breaches of the Defendant's duty of care have caused Plaintiff damages in an amount which exceeds the minimum jurisdictional requirement of this Court. Plaintiff sues Defendant as a result of such actions.

## VIII.
### Actual Damages

20.     Plaintiff hereby incorporates by reference paragraphs IV through VII.

21.     As a result of the incidents made the basis of this suit, Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court but less than $500,000.00. The damages are as follows:

### Lost Earnings

22.     At the time of the incidents complained of, Plaintiff was gainfully employed. As a proximate result of the wrongful acts of the Defendant, Plaintiff was terminated and thereby suffered a loss of income for which he now sues. As a result of the wrongful acts of the Defendant, Plaintiff's earnings and capacity to earn a livelihood were severely impaired, and in all

Plaintiff's Original Petition                                                                                                    Page 5

reasonable probability, this loss of earnings and incapacity will continue long into the future, if not for the balance of Plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

### Past and Future Physical and Mental Anguish

23.    As a result of the incidents described above, that is made the basis of this suit, Plaintiff has suffered physical as well as severe mental pain and anguish. Such emotions include feelings of intimidation, worthlessness and inferiority. Plaintiff has further suffered ill effects including but not limited to ulcers, weight gain, sleeplessness, loss of self-esteem, withdrawal from socializing and feelings of intimidation, and depression. In all reasonable probability, Plaintiff will continue to suffer such severe mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life.

### IX.
### Attorney Fees

24.    Plaintiff Julious J. Ebrom is entitled to recover reasonable and necessary attorney fees under the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964.

### X.
### Demand for Jury

25.    Plaintiff Julious J. Ebrom hereby demands a jury trial and tenders the appropriate fee.

### XI.
### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Julious J. Ebrom prays that this Honorable Court grant the following:

a).    Judgment against the Defendant for Plaintiff's damages;

Plaintiff's Original Petition                                                                 Page 6

(2003-275)



CAUSE NO.  C-099-04-I

| | | |
|---|---|---|
| JULIOUS EBROM | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 398TH  JUDICIAL DISTRICT |
| | § | |
| BURNS MOTORS | § | HIDALGO COUNTY, TEXAS |

OMAR GUERRERO, CLE
Hidalgo Co. Dist Clerk, Hidalgo (
By_____

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, BURNS MOTORS, and hereby makes and files this its Original Answer to Plaintiff's Original Petition, and in support hereof would show the Court as follows:

I.

## GENERAL DENIAL

Your Defendant denies each and every, all and singular, the allegations in Plaintiff's Original Petition, and says that they are not true, in whole or in part, and demands strict proof thereof on the trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Defendant BURNS MOTORS respectfully prays that Plaintiff take nothing from this Defendant and that the Court enter a judgment dismissing all claims against this Defendant with prejudice and awarding all costs of court and expenses incurred herein, and for such other and further relief, at law and in equity, general or special, to which this Defendant might show herself to be justly entitled to receive.

Respectfully submitted,

HODGE, JAMES & GARZA, L.L.P.
Attorneys and Counselors at Law
P.O. Box 534329 (78553)
134 East Van Buren Street
Third Floor, Suite 310
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707


_____
Anthony B. James
State Bar No. 10537300

Attorneys for Defendant, BURNS MOTORS


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant Burns Motors Original Answer has been served on the 1st day of April, 2004 to all attorneys of record by placing same in a post office or official depository under the care and custody of the United States Postal Service, via personal delivery as follows:

VIA CMRRR - #7003 2260 0005 0548 3322

Ms. Valerie R. Esparza
The Esparza Law Firm, P.C.
P.O. Box 369
Harlingen, Texas 78551-0369


_____
Anthony B. James

---

(2003-275)

CAUSE NO.  C-099-04-I

| JULIOUS EBROM | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 398TH  JUDICIAL DISTRICT |
| | § | |
| BURNS MOTORS | § | HIDALGO COUNTY, TEXAS |

<u>NOTICE TO THE DISTRICT CLERK OF FILING DEFENDANT'S
NOTICE OF REMOVAL TO FEDERAL COURT</u>

TO:   Omar Guerrero
      Hidalgo County District Clerk
      Hidalgo County Courthouse
      100 N. Closner
      Edinburg, Texas 78539

PLEASE TAKE NOTICE that BURNS MOTORS, Defendant in Cause C-099-04-I in the

District Court of Hidalgo County, Texas this date filed a Notice of Removal, a copy of which is

attached hereto as Exhibit "A" in the office of the Clerk in the United States District Court for the

Southern District of Texas, Brownsville Division.

SIGNED this 14th day of April, 2004.

Respectfully submitted,

HODGE, JAMES & GARZA, L.L.P.
Attorneys and Counselors at Law
P.O. Box 534329 (78553)
134 East Van Buren Street
Third Floor, Suite 310
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile: (956) 425-7707


_____
Anthony B. James
State Bar No. 10537300

Lisa M. Crouch
State Bar No. 06571040

Attorneys for Defendant,
BURNS MOTORS

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing, Notice to the District Clerk of Filing Defendant's Notice of Removal to Federal Court has been served on the 14th day of April, 2004 to all attorneys of record by placing same in a post office or official depository under the care and custody of the United States Postal Service, via personal delivery as follows:

<u>VIA CMRRR#7003 2260 0005 0548 3926</u>
Ms. Valerie R. Esparza
The Esparza Law Firm, P.C.
P.O. Box 369
Harlingen, Texas 78551-0369


_____
Lisa M. Crouch

EXHIBIT C
ORDERS SIGNED BY STATE JUDGE
(None)

EXHIBIT D
DOCKET SHEET

# Civil Docket

Court

**Case No. C-099-04-I**
Hidalgo County

April 14th, 2004
2:28pm

## JULIOUS J. EBROM vs. BURNS MOTORS

Filed : 01/16/2004
Status: Filed
Type: Other Civil

Judge
  Aida Salinas Flores

Court Reporter

| Date | | Volume | Page |
|---|---|---|---|

### Events & Orders of the Court

| | |
|---|---|
| 01/16/04 | PLAINTIFF'S ORIGINAL PETITION |
| 01/21/04 | CITATION ISSUED |
| | BURNS MOTORS HAND DELIVERED TO: ALICIA MARMOLEJO (3.10.04) |
| 03/17/04 | CITATION RETURNED |
| | ON BURNS MOTORS SERVED 3.15.04 |
| 04/02/04 | ANSWER |
| | DEFENDANT'S ORIGINAL ANSWER, FILED ATTORNEY ANTHONY B. JAMES |
| | 956-425-7400 |
| 04/14/04 | NOTICE |
| | NOTICE OT THE DISTRICT CLERK OF FILING DEFENDANT'S NOTICE OF |
| | REMOVAL TO FEDERAL COURT, FILED. |

TIE 4-14-04
A true copy I certify
OMAR GUERRERO
District Clerk, Hidalgo County, Texas
By *Noema Cantu* Deputy

EXHIBIT E
INDEX OF MATTERS BEING FILED

1.      Civil Cover Sheet

2.      Notice of Removal

3.      Exhibit A      All Executed Process
        Exhibit B      Pleadings
        Exhibit C      Orders Signed by State Judge (None)
        Exhibit D      Docket Sheet
        Exhibit E      Index of Matters Being Filed
        Exhibit F      Identification of Counsel

EXHIBIT F
COUNSEL

Ms. Valerie R. Esparza
The Esparza Law Firm, P.C.
P.O. Box 369
Harlingen, Texas 78551-0369
Telephone: (956) 412- 7055
Facsimile: (956) 412-7105

ATTORNEY FOR PLAINTIFF
JULIOUS EBROM

Anthony B. James
State Bar No. 10537300
Federal I.D. No. 3785

Lisa M. Crouch
State Bar No. 06571040
Federal I.D. No. 15307

HODGE, JAMES & GARZA, L.L.P.
P.O. Box 534329 (78553)
134 East Van Buren Street        ·
Third Floor, Suite 310
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707

ATTORNEYS FOR DEFENDANT
BURNS MOTORS